Judge Undeewood,
delivered the opinion of the court.
The stockholders of the Kentucky ex- - porting company sold their stock to Pollard and three-others, now plaintiffs in orror, who executed their oblh gationtothe stockholners, conditioned to pay and discharge all the debts, owing by the company*. The obli-gors were stockholders in the company previous to the contract, and in executing the obligation, it was made payable to the obligors, as well as to the defendants in error.
The defendants in error, unable to sue at law, upon the obligation, in consequence of the plaintiffs in error, being both obligors and obligees, instituted a suit in chancery, founded upon the contract against the obligors, and in which, the president and directors of the bank of the commonwealth of Kentucky, and Marble Campden were also made defendants.
The bill charges,, that $507, of the notes issued by the Kentucky exporting company, (which was one of the independent banks, as they were denominated,) and thrown into circulation, had come to the hands of the president and directors of the bank of the commonwealth, and that $5, of said notes, had also fallen into the hands of said Campden; that the plaintiffs, in error, had failed to redeem and pay off said notes, in consequence whereof, the defendants in error, complainants in the circuit court,had become liable to discharge them; and that said notes had been presented, and payment demanded of the plaintiffs in error.
There are papers, purporting to be the answers of the president and directors of thebank of the commonwealth, and of said Campden, found among the papers of this cause, filed, but they are not sworn to by any one, and were never noted on the records of the court, as having been filed as tire answer of the parties. These answers are signed by the name of the same attorney, who represented the complainants below, and defendants here*. *53 These answers, in substance, acknowledge the statements of the bill to be true, and profess a willingness to exhibit the notes held on the Kentuck} exporting'company, ifit should be deemed necessary. It does not appear, that any process was ever sen ed on (Jampden, or any officer of the commonwealth’s bank. Process of subpoena was duly executed ou the pkimiils in error, who failed to answer the hill of (he complainants, whereupon, the same was taken for confessed, and a deci ee rendered against the plaintiffs in error, in favour of the complain-, ants, for ,£5íá, the amount of (he notes on the Kentucky exporting company, charged to be in the hands of said president and directors of the commonwealth’s hank, and in Campden’s hands.
The decree is deemed erroneous, for the following .reasons:
1st. The proper parties were not before the court. The obligation was executed to Murphy and Williams, Letcher and McKee, James Anderson, James Thornp* .son, Samuel McKee, and about thirty others. We suppose Murphy and Williams, and Letcher and McKee,, were the names of co-partnerships, composed of more than one individual, trading, and known by these appellations, respectively.
Wo are not informed by the bill, whether the defendants, Williams and McKee, are the persons designated and meant by the same names, in the firms of Murphy and Williams, and Letcher and McKee. Whether they be so or not, it was clearly necessary, thatMurphy and Letcher, and the other members of these firms, if there were any, should be parties. There are several JLetchers, -who are complainants, but we are not informed, whether either of them was a partner in the firm of Letcher and McKee, and there is no complainant by the name of Murphy. It is beyond doubt, therefore, that all the obligees of the bond were not parties to the bill.
It is alleged, that Anderson,Thompson, and S. McKee were dead, and that is given as the reason, why they were not made joint complainants.
We shall not consume time, by inquiring at present, whether this allegation of the hill can be regarded, without proof of its truth, upon taking the bill for confessed, as sufficient to justify the decree, when they were not *54 made parties. As to these allegations of a bill, which may be taken for confessed, when the answer is silent in respect to them, or where there is no answer, it might be useful, upon the return of this cause, to consult the cases, of Cowan vs. Price, I Bibb, 173, and Moore, &c. vs Lockett, II Bibb, 69.
On bond oxe-°"tod ÍT Pa.rt ereof a'banking company stockboWors conditioned ’ “to pay all debts owing ^ thcrecan'be no recovery for failure by payoiFthe circulating notes of the bank, until obligees have circula °ion°of the notes by redeeming them, ormak-ing them ex_ ¡Jbits in the suit, & caus-beS^Mrawn from circulation.
*54 2d. The notes thrown into circulation by the Kentucky exporting company, and the other independent banks, passed, by delivery, as money.
Suppose the bank of the-commonwealth, and Camp-den, after the recovery from the plaintiffs in error, in this case, had thought proper to circulate the §512, charged by the bill to be in their possession; .what is there in the record to prevent their doing so?
Suppose the holders of the notes obtained from the bank, and from Campden, should, at the request of the defendants in error, again present the same notes for payment, and the plaintiffs in error refuse to discharge them, shall the complainants below file a similar bill, in all respects, except the change of a few names, and again recover $512, from the plaintiffs in error, on account of the identical same notes ? Their obligation binds them, to take up all the notes of the corporation.
Shall the defendants in error, recover upon it, not because they have paid a dollar, in redeeming the notes of the corporation, but merely upon an alleged liability, to the holders of the notes? We cannot tolerate a recovery upon such grounds, so long as the notes of the corpora^on are afl°ah passing, by delivery, from hand to hand, or are in a situation to be so passed. If such a recovery could be sustained, the same $512, in notes on the Kentucky exporting company, might authorize an indefinite number of recoveries, in favour of the complainants below, against the plaintiffs in error. Before the complainants can succeed, they must put a stop to the circulating character of the notes held by the commonwealth’s bank, and Campden. They must be exhibited, so that they can be identified, and withdrawn from circulation, J
In appealing to the chancellor, the complainants are bound to close the door against subsequent injuries to the parties, from whom they ask redress. If the plaintiffs in error were compelled to pay the amount of the de-croe againstlhem,whatright would they haveto demand *55 ef the bank, or Gampdcn, the notes on the Kentucky exporting company, in their possession, or how could the present decree be plead in bar, if they should be sued, on account of the same notes ? If it should be said, that the present decree would be a full satisfaction of the obligation executed by the plaintiffs in crFor, still, it would not follow, if that were true, that the plaintiffs -in error were altogether exonerated from liability, on account of the notes on the Kentucky exporting company, held by the bank of the commonwealth and Campden. On the-contrary, if the allegations of the bill be true, the plaintiffs in error, as stockholders, would be equally liable, with the complainants, to the bank, and Campden, for the amount of the notes held by them, whether the money decreed, after its collection, should be paid over or not.
®ause reman-]ea^o¿ake properpartics.
Owsley, for plaintiiis; Anderson, for defendants.
Upon the merits of the case, therefore, as now presented, wo deem the decree erroneous.
But as the proper parties are not before the court, and as upon further preparation, the case may be presented in an attitude, justifying the interposition of -the chancellor, the complainants below, on the return-of the cause, may have leave to amend their bill, adding the names of such persons, as should be parties complainant, and who have probably been omitted through mistake; (see III Monroe, pages 125 and 132,) and talcing such steps, under the discretion of the circuit court, as are proper, to bring all parties before the court, and for such other proceedings not inconsistent with this opinion, as shall be in conformity-to the principles of equity.
Tire decree is reversed, and set aside, and the plaintiffs in error must recover their coáts.